WHITE *v.* E. P. GLEASON MANUF'G CO.

(*Circuit Court, S. D. New York.* April 28, 1881.)

1. LETTERS PATENT—GLOBE HOLDERS—NOVELTY—INVALIDITY.
    Reissued letters patent No. 7,286, for an improvement in globe holders, are invalid for want of novelty.

*M. D. Conolly,* for plaintiff.

*J. C. Clayton,* for defendant.

WHEELER, D. J. This suit is brought upon letters patent reissue No. 7,286, the original of which was No. 162,731, dated April 27, 1875, entitled "An improvement in globe holders." The object of the invention is stated in the specification to be "to provide an elastic support or holder for globes or glass shades for gas-burners." The principal defence relied upon is lack of novelty in the invention. Among other alleged anticipating devices, the defendant put in evidence a holder consisting of elastic arms, with hooks or catches at the upper ends for receiving and holding the globe, fastened to a tube or collar, to encircle and rest upon the burner for support, and marked "Exhibit CC." The patent has two claims: one for a globe-holder, having spring or elastic arms, made with curved or bent ends, forming hooks or catches for embracing the lower edge or flange around the lower opening of a globe; the other for "the improved globe-holder therein described, consisting of the disk or center, having aperture for the passage of a gas-burner and spring or elastic arms, terminating in hooked or curved ends for the purpose, substantially, as set forth." It is claimed for the orator that each claim is susceptible of two constructions: one broad, and the other narrow,—the broad, in each, covering every form of globe-holder having elastic arms, and the narrow covering, by the first, only holders having elastic arms with the peculiar bent or curved ends for holding the globe, shown in the patent, and by the second, only holders with elastic arms riveted to a disk, center to rest on the fixtures, as described in the patent. As to this Exhibit CC, it is not claimed for the orator but that it shows the invention covered by the first claim, broadly construed, but is admitted that it does; nor but that it shows the invention covered by the second claim so construed; nor is it expressly claimed that there is anything covered by the first claim which this exhibit does not show. It is said, however, in the brief of the orator, that—

"It does not, however, meet the second claim, under the limited construction suggested above, inasmuch as the base is a *collar* and not a *disk,* and the spring arms are not *riveted* thereto. The importance of this difference may be prop-

erly stated here. The collar is designed to slip over or slide down to position on the burner. It is unprovided with any means of making it fast, and is quite obviously too insecure to permit its use to advantage. A mere touch will disturb its position and cause the globe sustained by it to topple over, lose its equilibrium, and fall. The flat center or disk of the complainant's patent, on the contrary, is designed and adapted to encircle the screw-shank of the gas fixture, and be there securely held against possibility of accidental disturbance by the burner, which is screwed down over it."

This part of the case turns upon whether the patent covers these differences; for, if it does not, then this exhibit shows all of the orator's invention that is patented, and, if properly shown to have been known and used prior to the invention, anticipates it, although it may not show all that is mentioned or described in the patent, or all that it may be thought that the orator invented. In this view it is to be noticed that there is nothing in the patent about a flat center or disk designed and adapted to encircle the screw shank of the gas fixture, and be there securely held by the burner screwed down over it; nor any allusion to the disk, or to riveting the arms to it, as necessary, or otherwise, except that, in the description of the drawings, it is said that the "arms are to be fastened to the burner in any suitable manner, as by riveting to a disk having a central aperture through which the burner passes;" and in stating the advantages of making the arms in separate pieces, where it is said that "if they and the disk or hub, or an equivalent center, were all formed in one piece, considerable loss of material would be incurred;" and in the second claim, which, as before recited, is for "the improved globe-holder herein described, consisting of the disk or center having aperture for the passage of a gas-burner, and spring or elastic arms, terminating in hooked or curved ends for the purpose, substantially as set forth."

The patent is not for what is described, suggested, or hinted at anywhere in the patent, but is for what is fairly described somewhere, and covered by the claims of the patent, although the whole is to be looked at in order to ascertain what the claims do really cover, especially when the claims are like this second one, and are for the things mentioned in the claim, as set forth, or as described, or with other equivalent words, as is very common. This second claim, read with all the advantages of such construction, does not cover elastic arms with a disk merely, for, by its own words, it extends to a disk or center, and the center may not be a disk, although either must have an aperture for the passage of a gas-burner; and when the specification is looked to for the globe-holder, consisting of these

things substantially as described, it shows a globe-holder with elastic arms fastened to the burner in any suitable manner, as well as a globe-holder with elastic arms fastened to a disk to go on the fixtures; for both are substantially set forth. There could not be a patent for a globe-holder, with elastic arms and another feature combined, without describing the other feature as well as the arms, and also claiming it as a part of the invention. The patent cannot be held to cover anything more than a globe-holder with elastic arms, terminating in the curved ends for holding the globe, and a center with an aperture for the gas-burner, as the patentee said in the outset of his specification, "the same being designed as an improved substitute for the rigid holders with retaining screws heretofore employed." So this exhibit, as it is conceded to be by the orator's counsel, fully covers all there is of the orator's invention that is patented.

It is also claimed, in behalf of the orator, that prior knowledge and use of that device are not shown with sufficient certainty to defeat a patent within the rule applied to this class of cases, and he cites the evidence of the witness Gleason, where he says, with reference to the Exhibit CC: "This particular globe-holder was sold to a man by the name of Brown, and used by him a number of years; his place of business being in West Houston street, New York," as being the only evidence on the subject. If this was the only evidence it might not be sufficient; but it is not. At another place, in answer to the first cross-question, Gleason says they sold 20 or 30 gross of them in 1871 and in 1872. The witness Daley, a manufacturer and seller of gas-fixtures, says, in answer to the last direct question, that his firm has purchased and sold them since 1873; and the witness Dare, in an answer to the last question put to him, says that those like Exhibit GG in the printed record, obviously from the question meaning CC, and GG being a misprint, says that he manufactured them for the defendants either from 1867 or 1868 up to 1875, or in 1868 and 1869, and for four or five years. There is nothing in the case, other than the patent, showing the date of the invention. This evidence is not contradicted, and, standing thus, it shows satisfactorily, and beyond any fair or reasonable doubt, that globe-holders like Exhibit CC were well known and in use long before the orator's invention, and, in the language of the statute relating to defences, "that he was not the original and first inventor" "of the thing patented." Section 4920.

Let a decree be entered dismissing the bill of complaint, with costs.